UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA    :

v.               :     Case No. 8:18-cr-00068-MSS-TGW

KYLE RITSEMA           :

## SENTENCING MEMORANDUM AND MOTION FOR IMPOSITION OF A REASONABLE SENTENCE

Respectfully, fifteen years in the Bureau of Prisons provides punishment that is sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## Sentencing Guidelines

Defendant does not object to the facts nor the guidelines calculations set forth in the presentence investigation report. However, it is the defendant's respectful position that a sentence within the guideline range in this case, would be greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a) and **draconian**.

## Defendant's Life

The presentence report accurately presents defendant's formative years growing up in Zeeland, Michigan. He struggled with his sexuality. Many other students who preferably would have been supporting friends, instead became

tormenters. The churches, where many find refuge, preached that being a homosexual was a deadly sin. When he finally had the courage to reach out to his family and disclose the secret, he had harbored for so many years, it was met with rejection instead of love. (Exhibit A)

Nevertheless, not only did he graduate from High School and College, but he excelled, pursuing his dream to become an educator. Family members and friends of Kyle Ritsema describe him as a kind and caring individual. If he is sentenced to a term of years that will allow him back in society, he has a lot of support among family and friends, who all know a much different human, than the person he was when he committed the crimes that brings him before this court for sentencing. This is further elaborated on in the attached letters from family and friends. (Exhibit B)

Despite the troubling explicit conduct involving sexual activities with young teenage males; Kyle Ritsema never engaged in any type of inappropriate sexual behavior with any of his current students. While there was some online contact with a former student after the fact, it ended once defendant realized that he was communicating with a former student. The troubling behavior primarily occurred during a period in early 2014 into late 2015 when he was suffering from depression and loneliness.

Kyle Ritsema fully cooperated with law enforcement when approached, despite the knowledge that his path as an educator was over with and that he was

looking at a significant period of time in prison. He accepted responsibility for his actions by entering a guilty plea.

Kyle Ritsema was evaluated by Dr. Valerie McClain who conducted an evaluation including a sexual violence risk assessment. The full report was previously forwarded to United States Probation for inclusion with the final presentence report. Dr. McClain in her report states as follows:

"Mr. Ritsema was interviewed regarding the facts related to the current offense and risk for re-offense. He presents with no history of prior sexual or violent offenses. He presents with no history of substance abuse. He has a history of depression, which is treatable. He has stable family and support from his parents. He is insightful and was able to identify his sexually deviant pattern. Mr. Ritsema is remorseful regarding his actions and amenable to intervention. Based on review of the risk factors, it is this examiner's opinion that Mr. Ritsema is low risk for re-offense."

## Sentencing Considerations

### I. The 18 U.S.C. § 3553(a) Factors

Considering the time that has passed since this criminal behavior took place, the fact that the defendant has served a significant state prison sentence to completion prior to being charged in the instant offense and the fact that the defendant has become a law abiding member of our community balanced against the facts and circumstances surrounding defendant's offense, the proposed guideline prison sentence is greater than necessary. In *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586, 594 (2007), the Supreme Court held that district courts are not required to

make a finding of extraordinary circumstances in order to impose a sentence below the Guidelines recommendation. Instead, the Guidelines, "as a matter of administration and to secure nationwide consistency[,] … should be the starting point and the initial benchmark," but they are not the only consideration in sentencing. *Id.* at 596.

After properly calculating the Guidelines range, the district court must then make an individual assessment of the case and consider each of the factors set forth in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Gall v. United States*, 522 U.S. 38, 128 S.Ct. at 596-97. Those factors include:

(1) the nature and circumstance of the offense;
(2) the history and characteristics of the defendant;
(3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
(4) the need to protect the public; and
(5) the Guidelines range, as well as
(6) the kinds of sentences available;
(7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and
(8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted); *see also United States v. Talley*, 431 F.3d 784 (11th Cir. 2005). The Guidelines range is thus only one of many factors that courts must consider in determining a reasonable sentence. *Id.; Gall*, 128 S.Ct. at 597, n.6.

## The nature and circumstance of the offense

The nature and circumstances of the Mr. Ritsema's offences are certainly very serious, troubling and worthy of serious punishment. However, it is distinguishable from the most serious child pornography cases that involve infants, toddler and young children under the age of twelve. There is absolutely no evidence suggesting that Mr. Ritsema had any interest in that type of child pornography. Nor does his case involve young children nor added violent behavior. Kyle Ritsema case primarily involves four images and consensual sexual activity with a 15 year old teenager. Recognizing that under the law an adult cannot legally have consensual sex with a teenager.

The presentence report mentions a related case, United States v. William Matthew Napolitano. Napolitano was sentenced to life in prison followed by life supervised release. The conduct of Napolitano was far worse than the conduct of Ritsema.

Napolitano, not only had ongoing sexual activities with a minor for three years, 2014 through 2017. His large collection of child pornography that he also shared with others included infant and toddler pornography. Prepubescent Minors. Pornography involving feces, sadistic and masochistic conduct. The descriptions of some of the videos in his collection, set forth in his plea agreement are truly horrific.

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment**

Defendant is seeking the minimum sentence available to the court, while the government has suggested to counsel that it will seek the maximum sentence available via consecutive sentences on each count, counsel respectfully propose that a maximum sentence would be Draconian.

Trying to make sense of the great disparity between the sentence likely to be proposed by the United States and the minimum sentence of 180 months in prison, counsel has examined similar cases both in Federal Court, specifically within the Middle District of Florida and cases prosecuted in Hillsborough, Pinellas and Pasco Counties, all within the Middle District of Florida.

In *United States v. Terrell Eady*, 8:18-cr-00302, after pleading guilty, defendant was sentenced by Judge Bucklew to 240 months in the Bureau of Prisons, followed by 240 months supervised release. The case involved the charge of attempted production of child pornography. Defendant persuaded two female minors to send him child pornography. Threatened to expose them on social media in order to accomplish his goals. One of the victims ended up producing three pornographic images of herself and four child erotica images. Forensic analysis of defendant's computer revealed 18 additional images and 11 videos of child pornography.

In *United States v. William Patrick King*, 8:18-cr-00036, after pleading guilty, defendant was sentenced by this court to 420 months in the Bureau of Prisons, followed by 240 months supervised release. Defendant was facing a minimum mandatory sentence of 35 years with a maximum sentence of life. The case involved a seventeen years old victim, extensive explicit communications on various social media outlets and the distribution of two images and ten videos of a prepubescent female minor to another person. Defendant also had two prior exploitation of a minor convictions out of Maryland.

In *United States v. Brian Scott Ellis*, 8:17-cr-0050, defendant was sentenced to 144 months followed by 120 months supervised release, by Judge James Moody. The evidence in this case included the fact that defendant had possessed 2597 images and 1807 videos that clearly constitute child pornography, depicting prepubescent minors, toddlers, sadistic and Masochistic conduct involving a 5 to 10 year old female. He was a father figure to HG as he was dating and living with her mother. The factual basis in plea agreement clearly indicates that he actually produced a video of HG when she was 14 depicting her pubic area and clearly made for the purposes of eliciting sexual response from the viewer.

After pleading guilty, in *United States v. Paul Fabrizio* Solis, 8:17-cr-00260, defendant was sentenced to 192 months followed by 25 years supervised release by Judge Charlene Honeywell. This case involved the production of child pornography

of a six years old minor female, whose mother was the defendant's long-term girlfriend. Defendant's laptop computer also contained 1237 videos and 2858 images of child pornography.

Counsel further examined the following cases resulting in a life sentences and a 70 years sentence after defendant had pled guilty:

> *United States v. Richmond Joseph McDonald*, 8:16-cr-00517VMC-AEP;
> *United States v. James Lockhart*, 8:19-cr-00128SDM-AAS

Both of these cases are very distinguishable from Kyle Ritsema's case. The McDonald case involved sexual abuse of a 7 years old victim. There were also multiple past victims including a previous sexual battery at knifepoint. Lockhart had forcefully raped a one year old victim on multiple occasions and produced a series of videos depicting the same.

Counsel further examined cases in the Tampa Bay Area involving defendants charged under Florida Statute 800.04, with lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age. Counsel examined cases 718 cases that were sentenced during the time period of September 30, 2010 and June 29, 2018 in Pinellas, Pasco and Hillsborough Counties. (Exhibit C) Admittedly, the review did not look at the individual facts of each case, nor was any previous criminal history considered. The cases resulted in defendants being sentenced as follows:

1. 661 were sentenced to 15 years or less of incarceration or community supervision;
2. 12 were sentenced to 20 years incarceration;
3. 12 were sentenced to 25 years incarceration;
4. 8 were sentenced to 30 years incarceration;
5. 2 were sentenced to 35 years incarceration;
6. 2 were sentenced to 40 years incarceration; and
7. 21 were sentenced to the equivalent of incarceration for life.

As such, a consideration of the various 18 U.S.C. § 3553(a) factors applicable in the instant case, including the defendant's unique history and characteristics, the need for the sentence imposed, and the need to provide just punishment and protect the public, all establish that a sentence below the applicable Guidelines range would be a punishment sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## **CONCLUSION**

Based on the foregoing, Mr. Ritsema respectfully requests that this Honorable Court impose a sentence of fifteen years in the Bureau of Prisons, followed by the appropriate term of supervised release, pursuant to the factors set forth in 18 U.S.C. §3553(a).

Respectfully Submitted,

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND WISE, P.A.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on August 5, 2019, I electronically filed the following with Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Bjorn E. Brunvand*

BJORN E. BRUNVAND, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: bjorn@acquitter.com
Florida Bar # 0831077
Counsel for Defendant